**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARY QUINN,<br>    Plaintiff,<br><br>   v.<br><br>ETHICON, INC., and<br>JOHNSON & JOHNSON,<br>    Defendants. | CIVIL ACTION<br><br><br><br>NO. 19-5462 |

DuBois, J.                                    February 26, 2020

# M E M O R A N D U M

## I. INTRODUCTION

This case arises out of injuries allegedly caused by a defective medical device manufactured by defendants, Ethicon, Inc. and Johnson & Johnson. Presently before the Court are plaintiff Mary Quinn's Motion for Remand (Document No. 4, filed Nov. 21, 2019) and defendants' Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue (Document No. 8, filed Nov. 26, 2019). For the reasons set forth below, the Court denies plaintiff's Motion for Remand, denies defendants' Motion to Dismiss, and grants defendants' Motion to Transfer Venue.

## II. BACKGROUND

### A. Pelvic Mesh Mass Tort Litigation

Defendants' pelvic mesh device has been the subject of litigation for several years. The history of the pelvic mesh litigation is thoroughly outlined by Judge Kearney in his recent decision, *Monroe v. Ethicon, Inc.*, Nos. 19-5384, 19-5461, 2019 WL 7050130 (E.D. Pa. Dec. 23, 2019). In brief, in February of 2014, the Philadelphia County Court of Common Pleas created a mass tort proceeding, *In re Pelvic Mesh Litigation*, for all pelvic mesh matters filed with that

court. Judge Arnold L. New presides over the mass tort litigation. Of particular relevance for this case, on August 22, 2014, Judge New dismissed defendants, Secant Medical, Inc. and Secant Medical LLC (collectively "Secant"), from *In re Pelvic Mesh Litigation* with prejudice pursuant to the Biomaterials Access Assurance Act ("BAAA"), 21 U.S.C. § 1601 *et seq.*, which immunizes biomaterials suppliers. Notice of Removal, Ex. B. On January 7, 2015, Judge New issued another order clarifying that the August 2014 order applied to "[a]ny claim filed against Secant in this *Pelvic Mesh Litigation* between August 22, 2014 and the date of this Order." Notice of Removal, Ex. A 39.

### B. Plaintiff's Action

Plaintiff Mary Quinn, a citizen of Florida, underwent surgery to have defendants' Prolene Mesh device implanted on May 2, 2007, in Sarasota, Florida. Notice of Removal, Ex. A [hereinafter "Pl.'s Short-Form Compl."] ¶¶ 2-7. On September 25, 2019, after allegedly suffering injuries caused by the device, Quinn filed suit against defendants Ethicon, Inc. and Johnson & Johnson in the ongoing mass tort proceeding, *In re Pelvic Mesh Litigation*. Notice of Removal, Ex. C [hereinafter "Pl.'s Long-Form Compl."]. Ethicon and Johnson & Johnson— both of which are headquartered in New Jersey—designed, manufactured, and sold the pelvic mech device. Pl.'s Long-Form Compl. ¶¶ 2-3, 23-25. Quinn also named Secant Medical Inc. and Secant Medical, LLC as defendants. Pl.'s Short-Form Compl. ¶ 1. Secant is headquartered in Pennsylvania and supplied the mesh used in defendants' device. Pl.'s Long-Form Compl. ¶¶ 15-16, 41. Pursuant to the procedures established in the mass tort proceeding, plaintiff filed a Short-Form Complaint, which incorporated by reference the claims set out in the Master Long-Form Complaint and detailed case-specific information.

Quinn's lawsuit was one of several recently filed in the mass tort proceeding that named

2

Secant as a defendant. Secant sought to have those claims dismissed pursuant to Judge New's August 2014 order. Notice of Removal, Ex. A 52. However, Judge New refused to enforce his prior order and directed Secant to file new motions to dismiss in the individual cases. *Id.* Accordingly, on October 7, 2019, Secant moved to dismiss Quinn's claims against Secant. *Id.* at 20-21. On October 21, 2019, the state court granted Secant's motion, holding that the BAAA immunized Secant as a biomaterials supplier and ordering Quinn to file an amended Short-Form Complaint that did not name Secant as a defendant. *Id.* at 89.

After plaintiff filed a complaint in compliance with the state court's order, defendants Ethicon and Johnson & Johnson removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 based on the diversity of citizenship among the remaining parties. Pl.'s Mot. Remand 1. Plaintiff filed a Motion for Remand on November 21, 2019 and defendants responded on December 5, 2019. Plaintiff filed a reply on December 9, 2019. Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer Venue on November 26, 2019, and plaintiff responded on December 10, 2019. Defendants filed a reply on December 16, 2019.

The motions are thus ripe for review.

### III.   LEGAL STANDARD

#### A. Motion for Remand

In evaluating a motion for remand, "the removal statute should be strictly construed and all doubts should be resolved in favor of remand." *Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 29 (3d Cir. 1985). The party asserting federal jurisdiction has the burden of proving that subject-matter jurisdiction exists. *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

3

In the absence of a federal question, removal to federal court requires complete diversity of citizenship of the parties and that "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). A notice of removal may be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case…is or has become removable." 28 U.S.C. § 1446(b)(3).

In tension with § 1446(b)(3) is the so-called "voluntary-involuntary rule," which dictates that "a case that is not initially removable cannot become removable except by a voluntary act of the plaintiff, such as amendment of the pleadings or voluntary dismissal of the non-diverse defendant." *Rubino v. Genuardi's Inc.*, No. 10–6078, 2011 WL 344081, at *5 (E.D. Pa. Jan. 31, 2011) (citing *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918)). In applying this rule, courts distinguish "between a state judge terminating the action as to a non-diverse party, which does not make the action removable, and the plaintiff voluntarily terminating the action as to the non-diverse party, which does make the action removable." *Greco v. Beccia*, No. 99-2136, 2001 WL 121887, at *2 (M.D. Pa. Feb. 13, 2001) (citing *Am. Dredging Co. v. Atl. Sea Con, Ltd.*, 637 F. Supp. 179, 181 (D.N.J. 1986)).

"The voluntary-involuntary rule does *not* apply, however, where a plaintiff has fraudulently joined a party to defeat diversity." *Newman v. Ethicon, Inc.*, No. 19-4496, 2019 WL 6251194, at *2 (E.D. Pa. Nov. 21, 2019). The Third Circuit has held that joinder is fraudulent if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006) (citation and quotation marks omitted). A removing party "who charges that a plaintiff has fraudulently joined a party to

4

destroy diversity of jurisdiction has a 'heavy burden of persuasion.'" *Boyer*, 913 F.2d at 111 (quoting *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1012 n.6 (3d Cir. 1987)).

### B. Motion to Transfer

28 U.S.C. § 1404(a) provides that a federal district court may transfer a case when three conditions are met: (1) the civil action could have been properly brought initially in the proposed transferee federal court; (2) transfer will be more convenient for both the parties and the witnesses; and (3) the transfer will be in the "interest of justice." *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

Although "[t]he decision to transfer is in the court's discretion,…a transfer is not to be liberally granted" under § 1404(a). *Shutte*, 431 F.2d at 25; *see also Jumara*, 55 F.3d at 879 (holding that a plaintiff's choice of venue "should not be lightly disturbed"). Accordingly, once a court considering transfer determines that a case could have been properly filed in another district, the court must evaluate "all relevant factors," including "the private and public interests protected by the language of § 1404(a)." *Jumara*, 55 F.3d at 879. Ultimately, the party moving to transfer bears the burden to demonstrate that transfer is appropriate. *Id.* at 879.

### IV. PLAINTIFF'S MOTION TO REMAND

Plaintiff contends that, pursuant to the voluntary-involuntary rule, the action did not become removable after the involuntary dismissal of her claims against the forum defendant, Secant. Pl.'s Mot. Remand 2. Defendants respond that the voluntary-involuntary rule does not apply because Secant was fraudulently joined. Defs.' Opp'n Mot. Remand 1-2. Defendants point out that Secant was dismissed from *In re Pelvic Mesh Litigation* five years before plaintiff

5

filed her Short-Form Complaint. As described above, Judge New issued an order on August 22, 2014, finding Secant to be an immune "biomaterials supplier" as defined by the BAAA and thus dismissed Secant with prejudice from the mass tort proceeding. Defendants argue that plaintiff failed to "raise any additional legal grounds for her claims against Secant or point to facts other than those previously considered and rejected by the presiding Judge of the Mass Tort Proceeding." Defs.' Opp'n Mot. Remand 5. Defendants contend that plaintiff's joinder of Secant was fraudulent as she "knew that, based on prior determinations, the BAAA *must* bar [her] claims against Secant if she failed to raise any new arguments or facts supporting those claims." *Id.* at 11.

This precise question—whether joinder of Secant by new plaintiffs in *In re Pelvic Mesh Litigation* was fraudulent—has been considered by several judges in this district. Judge Quiñones Alejandro[1] and Judge Beetlestone[2] have concluded that joinder was not fraudulent and granted motions to remand in nearly identical cases. In reaching that conclusion, both Judges relied in part on a 2013 decision by Judge Joseph R. Goodwin, who presided over a multidistrict litigation ("MDL") established in the Southern District of West Virginia to handle pelvic mesh-related claims against Ethicon. *See In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, Nos. 2:13-cv-26024, 2:13-cv-26259, 2:13-cv-26032, 2013 WL 6710345, at *3 (S.D.W. Va. Dec. 19, 2013). Addressing the question of Secant's statutory immunity, Judge Goodwin noted that the "dearth of case law interpreting the B.A.A.A." made it "difficult to determine whether the B.A.A.A. is applicable to Secant." *Id.* As such, Judge Goodwin concluded that, "[b]ecause all

---

[1] *See Rega v. Ethicon, Inc.*, No. 19-cv-01880 (E.D. Pa. June 12, 2019) (ECF Doc. 15); *LaGioia v. Ethicon*, Inc., No. 19-cv-01563 (E.D. Pa. June 12, 2019) (ECF Doc. 15); *DeRocha v. Ethicon, Inc.*, No. 19-cv-01562 (E.D. Pa. June 12, 2019) (ECF Doc. 16); *Nadeau v. Ethicon, Inc.*, No. 19-cv-01561 (E.D. Pa. June 12, 2019) (ECF Doc. 18); *Steele v. Ethicon, Inc.*, No. 19-cv-01053 (E.D. Pa. June 12, 2019) (ECF Doc. 16); *Kalberer v. Ethicon, Inc.*, No. 19-cv-02195 (E.D. Pa. June 12, 2019) (ECF Doc. 11).
[2] *Newman v. Ethicon, Inc.*, No. 19-4496, 2019 WL 6251194 (E.D. Pa. Nov. 21, 2019).

legal uncertainties are to be resolved in the plaintiff's favor in determining whether fraudulent joinder exists," potential immunity under the BAAA did not support a finding of fraudulent joinder. *Id.* Judge Beetlestone echoed the MDL court's holding and further reasoned that Judge New's August 2014 order dismissing Secant "did not apply to all [Philadelphia Court of Common Pleas] pelvic mesh cases past, present and future." *Newman*, 2019 WL 6251194, at *3.

Judge Kearney[3] and Judge Baylson[4] disagreed with Judge Quiñones Alejandro and Judge Beetlestone and denied motions to remand in nearly identical cases. As Judge Kearney pointed out, the MDL court "ruled before the creation of the Philadelphia Mass Tort *Pelvic Mesh Litigation*." *Monroe*, 2019 WL 7050130 at *12. Judge Kearney emphasized that the plaintiffs had not advanced new legal claims, theories or alleged facts regarding Secant, but rather "refer[red] to the Master Long Form Complaint which Judge New already considered when dismissing Secant five years ago." *Id.* at *7. As such, Judge Kearney concluded that the plaintiffs did not have "a colorable claim against Secant in the *Pelvic Mesh Litigation*." *Id.* at *10. Judge Baylson came to the same conclusion, holding that Secant was not properly joined as a result of its immunity from suit under the BAAA. *See Markham*, 2020 WL 372147, at * 4-5.

This Court agrees with Judges Kearney and Baylson that plaintiff's joinder of Secant was fraudulent. While Judge Beetlestone rightly concluded that Judge New's 2014 order did not explicitly bar later-filed claims against Secant, plaintiff—by failing to advance any new arguments against Secant's immunity under the BAAA—nonetheless lacked a reasonable basis or "colorable ground" supporting her joinder of Secant. *In re Briscoe*, 448 F.3d at 216. That Judge New required Secant to file a new motion to dismiss in this case rather than merely enforcing his prior order does not mean that plaintiff had a reasonable basis to expect that such a

---

[3] *Monroe*, 2019 WL 7050130.
[4] *Markham v. Ethicon, Inc.*, No. 19-5464, 2020 WL 372147 (E.D. Pa. Jan. 22, 2020).

7

motion would be denied.  As Judge Kearney pointed out, Judge New's 2014 order was "not a decision by a state court judge in a different matter involving different defendants," but rather was entered in the "exact same case" and based on the same Master Long-Form Complaint. *Monroe*, 2019 WL 7050130 at *11.  Moreover, plaintiff cites no intervening precedent supporting her contention that Secant is not a supplier under the BAAA.  Put simply, plaintiff brought claims against Secant in a court that had already dismissed those claims as preempted under federal law years earlier.  She lacked any new argument supporting those claims or defeating federal preemption.  As such, plaintiff lacked a reasonable basis in fact or colorable ground supporting her claims against Secant.

The Court concludes that the joinder of Secant in plaintiff's Short-Form Complaint was fraudulent.  Accordingly, the voluntary-involuntary rule is inapplicable, and the Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a) based on the diversity of citizenship among the parties after the dismissal of the forum defendant, Secant.  The Court thus denies plaintiff's Motion for Remand.[5]

### V.     DEFENDANTS' MOTION TO TRANSFER

Defendants contend that plaintiff lacks personal jurisdiction and, in the alternative, argue that transfer to the Middle District of Florida is warranted as plaintiff is "a Florida resident who alleges injuries related to medical treatment provided in Florida."  Defs.' Mot. Dismiss or Transfer 1-2.  The Court agrees that transfer is warranted.

As an initial matter, transfer pursuant to § 1404(a) is proper only where "where both the original and the requested venue are proper." *Jumara*, 55 F.3d at 878.  Venue is proper in the defendants' requested venue pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the

---

[5] As the Court concludes that the voluntary-involuntary rule is inapplicable in this case because of the fraudulent joinder of the non-diverse defendant, it need not consider defendants' alternative argument that the rule is inapplicable because Secant was dismissed in a "decision other than on the merits."  Defs.' Opp'n Mot. Remand 2.

events giving rise to the claim occurred in the Middle District of Florida—including the implantation of the allegedly defective device. Furthermore, venue is proper in this district pursuant to § 1391(b)(1) because, as Judge New recently held in *In re Pelvic Mesh Litigation*, defendants are subject to personal jurisdiction in this state. *See* Pl.'s Opp'n Mot. Dismiss or Transfer, Ex. C; 28 U.S.C. § 1391(b)(1), (c)(2) (venue proper in judicial district in which corporation is subject to personal jurisdiction).

Because both the original and the requested venue are proper, the Court next considers the "private and public interests protected by the language of § 1404(a)." *Jumara*, 55 F.3d at 879. For the reasons stated below, the Court concludes that the public and private factors weigh in favor of transfer and that transfer is thus proper pursuant to § 1404(a).

### A. Private Factors

In *Jumara*, the Third Circuit articulated a non-exhaustive list of six factors underlying the private interests protected by § 1404(a). 55 F.3d at 879. The private interest factors include:

> [1] [P]laintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* (citations omitted).

Of these factors, only the plaintiff's choice of forum weighs against transfer in this case. However, "a plaintiff's choice of forum is given less weight 'where none of the operative facts of the action occur in the forum selected by plaintiff.'" *Lehr v. Stryker Corp.*, No. 09-2989, 2010 WL 3069633 at *3 (E.D. Pa. Aug. 4, 2010) (quoting *Nat'l Mortg. Network, Inc. v. Home Equity Ctrs., Inc.*, 683 F. Supp. 116, 119 (E.D. Pa. 1988)). Moreover, a "plaintiff's choice of forum is

9

also given less weight where plaintiff chooses a forum that is not his home forum." *Id.* As this case was brought by a Florida resident based on injuries caused by a device implanted in Florida, plaintiff's choice of the Eastern District of Pennsylvania as a forum is afforded little weight.

The rest of the private factors either weigh in favor of transfer or are neutral. Defendant's preference is the Middle District of Florida. The claim arose from injuries suffered in that district. Litigating in the Middle District of Florida would be more convenient for plaintiff. There is no argument that witnesses would be unavailable for trial or that books and records could not be produced in the alternative forum. Accordingly, the Court concludes that the private interests weigh in favor of transfer.

### B. Public Factors

The public factors identified by the Third Circuit in *Jumara* include: "[1] the enforceability of the judgment; [2] practical considerations that could make the trial easy, expeditious, or inexpensive; [3] the relative administrative difficulty in the two fora resulting from court congestion; [4] the local interest in deciding local controversies at home; [5] the public policies of the fora; and [6] the familiarity of the trial judge with the applicable state law in diversity cases." *Jumara*, 55 F.3d at 879-80 (citations omitted).

Of these, factors two and four weigh in favor of transfer while the others are neutral. Factor two—the practical considerations that could make trial easy, expeditious, or inexpensive—weighs in favor of transfer as plaintiff resides in the transferee forum. Additionally, factor four—the local interest in deciding local controversies—weighs in favor of transfer. "[W]hen the plaintiff is not a resident of his chosen forum, the court looks to 'where a majority of events took place in determining which district has a greater local interest.'" *Lehr*, 2010 WL 3069633 at *6 (quoting *Hamilton*, 2009 WL 2195138, at *4). As plaintiff sustained

10

her injury Middle District of Florida, that district has the greater interest in deciding the action. *See also Monroe*, 2019 WL 7050130 at *15-16 (holding that public factors weighed in favor of transfer to districts where plaintiffs sustained injury from Ethicon's pelvic mesh device).

The Court therefore concludes that the private and public factors set forth in *Jumara* weigh in favor of transfer and that transfer to the Middle District of Florida pursuant to § 1404(a) is proper.

## VI. CONCLUSION

For the foregoing reasons, the Court denies plaintiff's Motion for Remand, denies defendants' Motion to Dismiss, and grants defendants' Motion to Transfer Venue. The case is transferred to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1404(a).

An appropriate Order follows.